## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LOUIS FASULLO, Inmate #R30073,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-100-MJR |
| | ) |
| **CAROLINA FASULLO and JOSEPH ZELINSKI,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action pursuant to 28 U.S.C. § 1331. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> >  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

**FACTUAL ALLEGATIONS**

Plaintiff states that Defendants–his mother and step-father–have committed the following torts against him: harassment, sexual harassment, assault, battery, conspiracy, stalking, exploitation, extortion, invasion of privacy, deceit, defamation, slander, libel, and trespass.

Plaintiff states that he began living with Defendants after he was released from a Florida jail in 2003. His mother, Defendant Fasullo, insisted on calling him Rob, which Plaintiff found offensive. Defendant Zelinski, Plaintiff's step-father, stole gasoline from his employer, and hassled Plaintiff about getting a job. Although it is not entirely clear, it seems that Plaintiff and Defendants got into an argument about whether Plaintiff could continue to live with Defendants. Plaintiff states that Defendant Zelinski assaulted him. The police were called, and Plaintiff was arrested for armed robbery. Plaintiff seeks damages for the assault and battery and other torts committed against him by Defendants, and also wishes to bring criminal charges against them. Plaintiff indicates that he brings this action pursuant to 28 U.S.C. § 1331.

**LEGAL STANDARDS**

Plaintiff has failed to state any federal claim upon these facts. Section 1331 grants federal courts jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Neither the constitution nor other federal law provides for a tort cause of action between private citizens; these causes of action are creatures of state law. As such, Plaintiff's only avenue for relief based on the claims stated in the complaint is in state court. *See Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) ("The federal government is not the enforcer of state law"). Plaintiff has no federal claim against these Defendants.

To the extent that Plaintiff is attempting to bring this action pursuant to 42 U.S.C. § 1983, the attempt fails because Plaintiff's mother and step-father are not state actors.

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. . .
> . . .
> The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*West v. Atkins*, 108 U.S. 42, 49 (1988), *citing United States v. Classic*, 313 U.S. 299, 326 (1941). Any tort claims Plaintiff might have against the Defendants must be brought in state court. Accordingly, Plaintiff has failed to state a federal claim.

Consequently, Plaintiff's complaint does not survive review under § 1915A; this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 14th day of February, 2007.**

                                                     s/ Michael J. Reagan
                                                     **MICHAEL J. REAGAN**
                                                     **United States District Judge**