IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LOUIS FASULLO, Inmate #R30073,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-100-MJR |
| | ) |
| **CAROLINA FASULLO and JOSEPH ZELINSKI,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On February 14, 2007, the Court dismissed this action as legally frivolous pursuant to 28 U.S.C. § 1915A. Currently pending before the Court are Plaintiff's post-judgment motions of improper venue (Doc. 9), of failure to state a claim (Doc. 10), for summary judgment (Doc. 11), for a hearing (Doc. 12), and a second motion for summary judgment (Doc. 14).

**MOTIONS TO RECONSIDER THE JUDGMENT**

Improper Venue (Doc. 9)

Although Plaintiff states that he brings this motion pursuant to Fed. R. Civ. P. 12(b)(2), he asks that the Court "grant jurisdiction" over his state law claims because the state court has not sent him the proper papers.

Failure to State a Claim (Doc. 10)

In this motion, Plaintiff states that because he has other cases pending in this Court, he should be allowed to proceed with the claims in this action.

Motions for Summary Judgment (Docs. 11 and 14)

Although entitled motions for summary judgment, Plaintiff unequivocally seeks "reversal" of the Court's dismissal of the case (Doc. 11), and relief pursuant to Fed. R. Civ. P. 56 (Doc. 14).

The Court construes each of these motions as motions to reconsider the dismissal of the action. Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on February 14, 2007. Plaintiff avers that he placed motions 9, 10, and 11 in the mail on February 22, 2007, within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe these three motions as motions to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915A was correct. Therefore, these motions (Docs. 9, 10, and 11) are

**DENIED**.

Plaintiff avers that he mailed the second motion for summary judgment (Doc. 14) on March 13, 2007, after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, that motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff presents no argument in the motion that might suggest clerical mistake. To the extent that Plaintiff is challenging the Court's application of the law, such arguments may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 14) is **DENIED**.

### MOTION FOR A HEARING (DOC. 12)

In this motion, Plaintiff seeks a hearing on his motions for improper venue (Doc. 9), and for failure to state a claim (Doc. 10). Because these underlying motions have been denied, Plaintiff's

request for hearings on these motions (Doc. 12) is also **DENIED**.

### EX PARTE CORRESPONDENCE

Finally, the Court notes that Plaintiff recently sent a letter directly to the chambers of the undersigned United States District Judge. This direct contact with the Judge is not proper. The rules which govern federal judges forbid the undersigned from considering any "ex parte communications," which means communication from one party, like Plaintiff, without notice to the opposing party. See Canon 3, **CODE OF CONDUCT FOR UNITED STATES JUDGES**.

Stated simply, you should correspond with the court and undersigned judge only in officially-filed documents. For this reason, we are returning your letter to you, unopened.

**IT IS SO ORDERED.**

**DATED this 27th day of March, 2007.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**